FISH & RICHARDSON P.C.

Katherine D. Prescott (CA SBN 215496)
prescott@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Neil J. McNabnay (pro hac vice to be filed)
Ricardo J. Bonilla (pro hac vice to be filed)
Noel F. Chakkalakal (pro hac vice to be filed)
Philip G. Brown (pro hac vice to be filed)
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091
mcnabnay@fr.com
rbonilla@fr.com
chakkalakal@fr.com
pgbrown@fr.com

ATTORNEYS FOR DEFENDANT
SKYSLOPE, INC.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DIGITAL VERIFICATION SYSTEMS, LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>**SKYSLOPE, INC.,**<br><br>    Defendant. | C.A. No. 2:23-cv-01586-KJN<br><br>**JURY TRIAL DEMANDED** |

**SKYSLOPE, INC.'S ANSWER, AFFIRMATIVE DEFENSES,**
**AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant SkySlope, Inc. ("SkySlope"), files this Answer, Affirmative Defenses, and

1   Answer, Affirmative Defenses, and Counterclaims

Counterclaims to Plaintiff Digital Verification Systems LLC's ("Plaintiff" or "Digital Verification") Complaint. SkySlope denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

### THE PARTIES

1. SkySlope is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2. SkySlope is a California corporation with an office located at 825 K Street, 2nd Floor, Sacramento, CA 95814. SkySlope admits that it may be served through its registered agent, CT Corporation System but denies that 555 Capitol Mall, Suite 1150, Sacramento CA 95814 or 28 Liberty Street, New York, NY 10005 are the appropriate addresses. SkySlope denies any remaining allegations in Paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3. SkySlope admits that this action is brought under Title 35 of the United States Code. SkySlope admits that Plaintiff seeks costs and damages. SkySlope denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. SkySlope denies any remaining allegations in Paragraph 3 of the Complaint.

4. SkySlope agrees that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1338(a). SkySlope denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. SkySlope denies any remaining allegations in Paragraph 4 of the Complaint.

5. SkySlope denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. SkySlope agrees that this Court has personal jurisdiction over SkySlope. SkySlope denies any remaining allegations in Paragraph 5 of the Complaint.

---

[1] For avoidance of doubt, SkySlope denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

6. SkySlope agrees that its products or services are available in this judicial district. SkySlope denies any remaining allegations in Paragraph 6 of the Complaint.

7. SkySlope agrees that venue is proper in this District. SkySlope denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. SkySlope denies any remaining allegations in Paragraph 7 of the Complaint.

## PATENTS-IN-SUIT

8. SkySlope admits that the purported copy of U.S. Patent No. 9,054,860 ("'860 Patent" or "Asserted Patent") is attached as Exhibit A to the Complaint and that the face of the purported '860 Patent indicates that it issued on June 9, 2015. SkySlope denies any remaining allegations in Paragraph 8 of the Complaint.

9. SkySlope is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 9, and therefore denies them.

10. SkySlope is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 10, and therefore denies them.

11. SkySlope is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 11, and therefore denies them.

12. SkySlope is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 12, and therefore denies them.

13. SkySlope is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 13, and therefore denies them.

14. The '860 Patent speaks for itself, but SkySlope denies any characterizations inconsistent therewith. SkySlope denies any remaining allegations in Paragraph 14 of the Complaint.

15. SkySlope is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 15, and therefore denies them.

16. SkySlope admits that Plaintiff alleges infringement of the '860 Patent. SkySlope denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. SkySlope denies any remaining allegations in Paragraph 16 of the Complaint.

17. The '860 Patent speaks for itself, but SkySlope denies any characterizations inconsistent therewith. SkySlope denies any remaining allegations in Paragraph 17 of the Complaint.

18. The '860 Patent speaks for itself, but SkySlope denies any characterizations inconsistent therewith. SkySlope denies any remaining allegations in Paragraph 18 of the Complaint.

19. The '860 Patent speaks for itself, but SkySlope denies any characterizations inconsistent therewith. SkySlope denies any remaining allegations in Paragraph 19 of the Complaint.

20. The '860 Patent speaks for itself, but SkySlope denies any characterizations inconsistent therewith. SkySlope denies any remaining allegations in Paragraph 20 of the Complaint.

21. The '860 Patent speaks for itself, but SkySlope denies any characterizations inconsistent therewith. SkySlope denies any remaining allegations in Paragraph 21 of the Complaint.

22. The '860 Patent speaks for itself, but SkySlope denies any characterizations inconsistent therewith. SkySlope denies any remaining allegations in Paragraph 22 of the Complaint.

23. The '860 Patent speaks for itself, but SkySlope denies any characterizations inconsistent therewith. SkySlope denies any remaining allegations in Paragraph 23 of the Complaint.

24. The '860 Patent and prosecution history speaks for itself, but SkySlope denies any characterizations inconsistent therewith. SkySlope denies any remaining allegations in Paragraph 24 of the Complaint.

25. The '860 Patent and prosecution history speaks for itself, but SkySlope denies any characterizations inconsistent therewith. SkySlope denies any remaining allegations in Paragraph 25 of the Complaint.

26. The '860 Patent and prosecution history speaks for itself, but SkySlope denies any characterizations inconsistent therewith. SkySlope denies any remaining allegations in Paragraph 26 of the Complaint.

27. SkySlope denies the allegations in Paragraph 27 of the Complaint.

28. SkySlope is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 28, and therefore denies them.

## COUNT ONE

## ([ALLEGED] INFRINGEMENT OF UNITED STATES PATENT NO. 9,054,860)

29. SkySlope incorporates paragraphs 1 through 28 herein by reference.

30. SkySlope admits that this cause of action is brought under patent laws of the United States and, in particular, 35 U.S.C. §§ 271, et seq.

31. SkySlope denies the allegations in Paragraph 31 of the Complaint.

32. SkySlope denies the allegations in Paragraph 32 of the Complaint.

33. SkySlope denies the allegations in Paragraph 33 of the Complaint.

34. SkySlope denies the allegations in Paragraph 34 of the Complaint.

35. SkySlope denies the allegations in Paragraph 35 of the Complaint.

36. SkySlope denies the allegations in Paragraph 36 of the Complaint.

37. SkySlope denies the allegations in Paragraph 37 of the Complaint.

38. SkySlope denies the allegations in Paragraph 38 of the Complaint.

39. SkySlope denies the allegations in Paragraph 39 of the Complaint.

40. SkySlope denies the allegations in Paragraph 40 of the Complaint.

41. SkySlope denies the allegations in Paragraph 41 of the Complaint.

42. SkySlope denies the allegations in Paragraph 42 of the Complaint.

43. SkySlope denies the allegations in Paragraph 43 of the Complaint.

## [PLAINTIFF'S] DEMAND FOR JURY TRIAL

44. Plaintiff's Jury Demand does not contain any allegations and therefore does not require a response. To the extent a response is required, SkySlope denies those allegations.[2]

## [PLAINTIFF'S] PRAYER FOR RELIEF

To the extent that a response is required to Plaintiff's prayer for relief, SkySlope denies that Plaintiff is entitled to any judgment against SkySlope and/or an order granting relief in any of the forms requested in parts (a)–(d).

## AFFIRMATIVE DEFENSES

In addition to answering the Complaint, SkySlope asserts the following affirmative defenses. SkySlope reserves the right to amend this Answer to add additional affirmative defenses as further information is obtained.

## FIRST AFFIRMATIVE DEFENSE

SkySlope has not infringed and does not infringe, under any theory of infringement, including literally or under the doctrine of equivalents, directly (whether individually or jointly), or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the '860 Patent.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '860 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

---

[2] For clarification, Plaintiff's Complaint numbers the Jury Demand as ¶ 24. SkySlope retains sequential numbering to avoid any confusion.

6    Answer, Affirmative Defenses, and Counterclaims

To the extent that Plaintiff and any predecessors in interest to the '860 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that the actions of SkySlope allegedly infringe the Asserted Patent, SkySlope is not liable to Plaintiff for the acts alleged to have been performed before SkySlope received actual notice that it was allegedly infringing the Asserted Patent.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that SkySlope indirectly infringes, either by contributory infringement or inducement of infringement, SkySlope is not liable to Plaintiff for the acts alleged to have been performed before SkySlope knew that its actions would cause indirect infringement.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the claims of the '860 Patent do not claim patent eligible subject matter under 35 U.S.C. § 101.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim of direct infringement because, among other things, Plaintiff has not stated a plausible allegation that any method or system employed or process practiced by SkySlope includes: (1) "at least one digital identification module structured to be associated with at least one entity"; (2) "a module generating assembly structured to receive at least one verification data element corresponding to the at least one entity and create said at least one digital identification module"; (3) "said at least one digital identification module being disposable within at least one electronic file"; (4) "said at least one digital identification module comprising at least one primary component structured to at least partially associate said digital identification module with said at least one entity, wherein;" and/or (5) "said at least one digital identification module is cooperatively structured to be embedded within only a single electronic file," as required by at least Claim 1 of the '860 Patent.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that SkySlope infringes under a theory of joint

infringement, SkySlope is not liable to Plaintiff. SkySlope does not provide or perform each element of any claim of the Asserted Patent, and any actions of third parties accused by Plaintiff are not attributable to SkySlope.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for the alleged infringement.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the Asserted Patent and/or applications related thereto, from asserting any interpretations of any valid, enforceable claims of the Asserted Patent that would be broad enough to cover any activity of SkySlope, either literally or by application of the doctrine of equivalents.

**ELEVENTH AFFIRMATIVE DEFENSE**

Should SkySlope be found to infringe any valid, enforceable claim of the '860 Patent, such infringement was not willful.

**SKYSLOPE'S COUNTERCLAIMS**

For its counterclaims against Counterclaim Defendant Digital Verification Systems LLC ("Counterclaim Defendant" or "Digital Verification"), Counterclaim Plaintiff SkySlope, Inc. ("SkySlope") alleges as follows:

**PARTIES**

1. SkySlope is a corporation organized and existing under the laws of the State of California corporation with an office located at 825 K Street, 2nd Floor, Sacramento, CA 95814.

2. Upon information and belief based solely on Paragraph 1 of the Complaint as pled

by Counterclaim Defendant, Counterclaim Defendant is a Texas Limited Liability Company with its principal place of business located at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

## JURISDICTION

3. SkySlope incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Based solely on Counterclaim Defendant's filing of this action, Counterclaim Defendant has consented to the personal jurisdiction of this Court.

6. Based solely on Counterclaim Defendant's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I: DECLARATION REGARDING NON-INFRINGEMENT

7. SkySlope incorporates by reference Paragraphs 1–6 above.

8. Based on the filing of this action and at least Defendant's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether SkySlope infringes U.S. Patent No. 9,054,860 (the "'860 Patent").

9. SkySlope does not infringe at least Claim 1 of the '860 Patent because, *inter alia*, the accused system is not adapted to include: (1) "at least one digital identification module structured to be associated with at least one entity"; (2) "a module generating assembly structured to receive at least one verification data element corresponding to the at least one entity and create said at least one digital identification module"; (3) "said at least one digital identification module being disposable within at least one electronic file"; (4) "said at least one digital identification module comprising at least one primary component structured to at least partially associate said digital identification module with said at least one entity, wherein;" and/or (5) "said at least one digital identification module is cooperatively structured to be embedded within only a single

electronic file," as required by at least Claim 1 of the '860 Patent.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, SkySlope requests a declaration by the Court that SkySlope has not infringed and does not infringe any claim of the '860 Patent under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**COUNT II: DECLARATION REGARDING INVALIDITY**

11. SkySlope incorporates by reference Paragraphs 1–10 above.

12. Based on the filing of this action and at least Defendant's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '860 Patent.

13. The claims of the '860 Patent are invalid for failure to comply with one or more of the requirements of the Unites States Code, Title 35, including without limitation, 35 U.S.C. §§ 102, 103, and the rules, regulations, and laws pertaining thereto. More specifically, the claims are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 5,606,609, 6,757,826, and 6,948,069 and U.S. Patent Application Publication Nos. 2002/0026575, and 2003/0115151. SkySlope reserves the right to assert additional prior art and/or other invalidity defenses against the '860 Patent in accordance with the Court's Local Patent Rules.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, SkySlope requests a declaration by the Court that claims of the '860 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**PRAYER FOR RELIEF**

WHEREFORE, SkySlope asks this Court to enter judgment in SkySlope's favor and against Counterclaim Defendant by granting the following relief:

a) a declaration that SkySlope does not infringe any valid claim of the '860 Patent that

    may be enforceable;

b) a declaration that the '860 Patent is invalid;

c) a declaration that Counterclaim Defendant take nothing by its Complaint;

d) judgment against Counterclaim Defendant and in favor of SkySlope;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to SkySlope of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## JURY DEMAND

SkySlope hereby demands trial by jury on all issues.

Dated: August 30, 2023    Respectfully submitted,

By: /s/ *Katherine D. Prescott*
   Katherine D. Prescott

**ATTORNEYS FOR DEFENDANT SKYSLOPE, INC.**

11 Answer, Affirmative Defenses, and Counterclaims